UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DERRICK WALKER and DERRICK WALKER RACING, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | |
| CRAIG KIRIN GORE, WRIGHT PATTON SHAKESPEARE FINANCIAL GROUP, PTY. LTD., INDY CAR TEAM AUSTRALIA, PTY. LTD. f/k/a CHAMP CAR TEAM AUSTRALIA, PTY. LTD., f/k/a WPS SECURITIES, PTY. LTD., ATKINSON GORE GROUP, PTY. LTD. and AUSSIE VINEYARDS, LTD., ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:08-cv-0549-DFH-WTL |
| Defendants. ) | |

ENTRY ON SEALING OF COMPLAINT

Plaintiffs Derrick Walker and Derrick Walker Racing, Inc. filed this action against defendant Craig Gore and several businesses that he controls. Plaintiffs allege various breaches of contract and torts arising from a business relationship in the sport of open-wheel automobile racing. Attached to the complaint as exhibits are three written contracts between the parties.

When plaintiffs filed the action, they also filed a motion for leave to file the complaint under seal. Dkt. No. 6. To support this unusual request, plaintiffs said that all three of the attached contracts had provisions requiring the parties to

keep their contents confidential.  Plaintiffs said that they were not themselves interested in keeping the terms of the contracts confidential, but they sought leave to file under seal to protect themselves from counterclaims that they had breached the agreements by filing the complaint and exhibits in a public forum.  Plaintiffs also asserted, without providing details, that they believed the defendants had breached at least some of the confidentiality terms.

The court temporarily ordered the complaint sealed and on May 2, 2008 ordered defendants to show promptly why the complaint and exhibits should remain under seal.  Dkt. No. 8.  Without having been served properly with the complaint and summons, defendants responded on May 13, 2008 with a sealed response explaining that the parties had agreed not only that the terms of their agreements should remain confidential but also that any disputes arising from those agreements would be resolved by private arbitration in Indianapolis, Indiana. Defendants argued that they had agreed to arbitration precisely because they wanted to ensure that the terms of their agreements would remain confidential.  Defendants argued that plaintiffs should not be able to avoid the effects of the confidentiality agreement by filing the lawsuit in a public court after having agreed to broad arbitration terms.  Defendants urged the court to keep the complaint under seal at least until the court could rule on a promised motion to dismiss or to compel arbitration.  Dkt. No. 12.

Plaintiffs did not respond promptly. The parties sought and obtained two extensions of time to respond further on the sealing issue, during which time the parties engaged in settlement negotiations. The last extension expired on September 29, 2008, without any further filing by either side. The parties may or may not have reached a settlement, but the court considers the sealing issue now ripe for decision.[1]

Defendants are swimming against the current on this issue, but the court finds their arguments for sealing persuasive. The reason is that the parties agreed to private arbitration of their disputes. At least at this very early stage of the litigation, it is reasonable to enforce the plaintiffs' promises to preserve confidentiality and to arbitrate disputes.

To see how strong the current flows in the opposite direction, the reader should review *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002), and *Union Oil Co. of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000). In *Union Oil*, the Seventh Circuit rejected a request to keep under seal virtually all documents in a lawsuit for breach of a "confidential" settlement agreement for clean-up of a contaminated industrial site. Recognizing that many parties would prefer to keep the details of their disputes out of the public record, the Seventh

---

[1] Defendants' response (Dkt. No. 12) and a motion for an extension of time for plaintiffs to respond on the sealing issue (Dkt. No. 23) were both submitted and accepted for filing under seal. The court's temporary sealing order did not authorize filing those documents under seal, nor does the docket reveal any other order authorizing such sealed filings.

Circuit explained that the public has a substantial interest in access to the records that are the basis for the public decisions of public courts supported with public funds. 220 F.3d at 567-68. The court pointed out that even issues affecting national security are litigated in public, with limited use of sealed portions of the record where necessary. Where a party has violated a confidentiality provision of a contract, the other party might be entitled to damages for resulting harm. *Id.* at 567.

In *Baxter International*, the same court refused wholesale sealing of the record in a case challenging a private arbitration award. Although the parties had agreed to private arbitration, the court reasoned, the plaintiff had sacrificed that confidentiality by suing in a public court to challenge the results of that arbitration. 297 F.3d at 548. The court explained: "We held in *Union Oil* and reiterated in *Herrnreiter* [*v. Chicago Housing Authority*, 281 F.3d 634 (7th Cir. 2002)] . . . that the right judicial response to the initiation of litigation that reveals information subject to contractual confidentiality is not specific performance of the confidentiality agreement but damages for breach of contract." *Id.*

In *Baxter International*, the Seventh Circuit commented that "even a weak claim may create a strong settlement position, if its prosecution will require the other side to reveal commercially valuable documents." *Id.* at 547. In *Baxter International*, both parties supported the request for sealing. Plaintiffs' tactics here – filing the lawsuit but encouraging disclosure by court order – point in the

-4-

opposite direction. They suggest that plaintiffs wanted to use the prospect of public disclosure to put pressure on defendants, but wanted to reduce the risk of damages for breaching the confidentiality promises. Plaintiffs' argument in opposition to sealing suggests that they are quite interested in publicizing the terms of the contracts. See Dkt. No. 6 at 2 ("the public will be well served to have access to the actual agreements themselves"). At least, on this record, plaintiffs have not offered any contrary indication to this inference.

The best argument for sealing at least the contracts and the complaint is that defendants are clearly entitled to compel arbitration of all claims asserted in this action, and that the case remains at the very beginning of the litigation process, where the parties may have reached a settlement before the defendants even filed their expected (and probably meritorious) motion to compel arbitration. As the Seventh Circuit explained in *Union Oil*: "People who want secrecy should opt for arbitration," 220 F.3d at 568, and the parties in *Baxter International* had available to them "a sure path to dispute resolution with complete confidentiality: accept the result of the closed arbitration." 297 F.3d at 548. The parties in this case did that, and there apparently has not yet been a public disclosure that actually violates the terms of their agreements. Unlike *Baxter International*, there has been no arbitration as yet, let alone a public lawsuit challenging the result of private arbitration. The court has invested no time at all in the merits of the plaintiffs' claims. Under these circumstances, the court will leave the complaint

and its attachments under seal pending either an immediate agreed dismissal or a decision on a motion to compel arbitration.

Defendants express concern that allowing plaintiffs to file their complaint publicly would allow parties to such "confidential" contracts to violate their agreements with impunity, behind a "qualified privilege" protecting a federal court filing. The answer to the qualified privilege concern is found in *Union Oil* and *Baxter International*: money damages are available. Plaintiffs have been playing with fire here, and may yet wind up being burned by these tactics. For example, the news media might still seek disclosure of the complaint and exhibits, and news media, other interested parties, and the court would not be bound by the court's decisions on this issue thus far. Similarly, any appeal of this order might result in disclosure. A court-ordered public disclosure might easily subject plaintiffs to liability for breach.[2]

There is one remaining question. The court sees nothing in the defendants' initial response to the court's order to show cause, which explains their expectation of confidentiality and arbitration, that would justify keeping the response itself (Dkt. No. 12) under seal. Nor did the court order that such documents be kept sealed. Accordingly, at this point, the court will unseal Docket

---

[2]There may be a more basic problem with a damages remedy, however, which is the difficulty in proving damages. To that end, some parties who want confidentiality insist on substantial liquidated damage provisions for breach of confidentiality terms.

No. 12 and Docket No. 23 three business days after issuance of this entry. Any party who objects should file a (public) emergency motion to that effect, explaining why disclosure of these presumptively public documents should not be made.

So ordered.

Date: October 20, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

R. Bradley Lamberth
LAMBERTH MATEER, PLLC
blamberth@rockwallfirm.com

Debra Ann Mastrian
KRIEG DEVAULT LLP
dmastrian@kdlegal.com

Jeffrey C. Mateer
LAMBERTH MATEER, PLLC
jmateer@rockwallfirm.com

Brad R. Maurer
BAKER & DANIELS LLP
brad.maurer@bakerd.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com